[No. 42134-4-I. Division One. May 24, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. RUBEN ANAYA, *Petitioner.*

*D. Murphy Evans* of *Whatcom County Public Defender's Office*, for petitioner.

*David S. McEachran, Prosecuting Attorney*, and *Thomas E. Seguine, Deputy*, for respondent.

Cox, J. — May violation of a no-contact order that was

entered at arraignment in a domestic violence case serve as a basis for criminal prosecution after the dismissal of that case? We hold that the Legislature has not criminalized such a violation of a no-contact order. We must reverse.

In September 1996, the police arrested Ruben Anaya for assaulting his girl friend, T.R. At his arraignment on the charge of fourth degree assault, domestic violence, the district court entered a no-contact order. The order expressly prohibited Anaya from having any contact with T.R. By its terms, it was valid for one year or until modified by the court.[1] Two months after entry of the order, for reasons that are unexplained in the record before us, the State dismissed the assault charge against Anaya. Neither the State nor Anaya took any action to modify or rescind the no-contact order.

Several months after the dismissal of the assault charge, police responded to another report of domestic violence between Anaya and T.R. Anaya advised the officer responding to the call that he was subject to a no-contact order prohibiting him from contacting T.R. The officer then confirmed that a no-contact order had been entered and served in September 1996 and that it appeared to be still valid.[2] After this confirmation, the officer arrested Anaya for violating the order. The day following Anaya's arrest, T.R. requested that the court rescind the order, a request the court honored.

Thereafter, the State charged Anaya solely with violation

---

[1] The order further provided the warning mandated by RCW 10.99: "VIOLATION OF THIS ORDER IS A CRIMINAL OFFEN[S]E UNDER CHAPTER 10.99 RCW AND WILL SUBJECT A VIOLATOR TO ARREST; ANY ASSAULT OR RECKLESS ENDANGERMENT THAT IS A VIOLATION OF THIS ORDER IS A FELONY. YOU CAN BE ARRESTED EVEN IF ANY PERSON PROTECTED BY THIS ORDER INVITED OR ALLOWS YOU TO VIOLATE THE ORDER'S PROHIBITIONS. YOU HAVE THE SOLE RESPONSIBILITY TO AVOID OR REFRAIN FROM VIOLATING THE ORDER'S PROVISIONS. ONLY THE COURT CAN CHANGE THE ORDER."

[2] The record does not state how the officer confirmed that the no-contact order appeared to be still in effect. Although it is irrelevant to our analysis, we assume that the police officer verified the information through a system contemplated by RCW 10.99.040(5).

of the September 1996 no-contact order. The district court convicted him as charged. He appealed to the superior court, and that court affirmed the conviction.

We granted Anaya's motion for discretionary review because of the public importance of this issue.[3]

■ We must decide whether a validly entered no-contact order survives the dismissal of the underlying charge. That is a question of law, which we review de novo.[4]

RCW 10.99 specifies when a court may enter a no-contact order.[5] RCW 10.99.040(2) and (3) authorize two types of pretrial no-contact orders, and RCW 10.99.050(1) authorizes a posttrial no-contact order. The first type of pretrial no-contact order is entered when a defendant is released from custody before arraignment or trial. This type of order "expire[s] at arraignment or within seventy-two hours if charges are not filed,"[6] but it may be extended at arraignment.[7] The second type of pretrial no-contact order is entered at arraignment. The statute does not expressly state the maximum duration of this type of order. The posttrial no-contact order authorized by the statute is entered after a determination of guilt and when a court determines that contact with the victim should be restricted as a sentencing condition.[8]

Of the three types of no-contact orders that the statutes specify, this case involves the second type of pretrial order. The order here was entered at arraignment on the domestic violence assault charge.

---

[3]RAP 2.3(d).

[4]*Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993).

[5]RCW 10.99.040(2), (3); 10.99.045.

[6]RCW 10.99.040(4)(d).

[7]RCW 10.99.040(3) provides in part, "At the time of arraignment the court shall determine whether a no-contact order shall be issued or extended."

[8]RCW 10.99.050(1) states, "When a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim, such condition shall be recorded and a written certified copy of that order shall be provided to the victim."

■ Citing RCW 10.99.045(3),[9] Anaya asserts that pretrial no-contact orders are contemplated "only" to set conditions of pretrial release. He is mistaken. While courts may enter pretrial release orders pursuant to various court rules,[10] no-contact orders entered pursuant to RCW 10.99 have substantially greater consequences. Specifically, the violation of a pretrial release order entered pursuant to court rules may result in the revocation of release. But conviction of a willful violation of the statutory no-contact order carries criminal penalties.[11] The statutory warning that appears as a legend on these orders confirms our view that the Legislature intended that criminal consequences would flow from the violation of such orders.[12]

Thus, the question we must decide is whether the Legislature intended to criminalize violation of a no-contact order entered at arraignment for a domestic violence charge after that charge is later dismissed. As the State conceded at oral argument, RCW 10.99 contains no express provision criminalizing a violation of a no-contact order under these circumstances. We conclude that the Legislature did not intend such a violation to carry criminal consequences.

■ We must construe statutes in the manner that best

---

[9]This statute provides in part, "At the time of the appearances provided in subsection (1) or (2) [appearance in court either within one judicial day of arrest on a domestic violence charge or as soon as practicable after such a charge if there is no arrest], the court shall determine the necessity of imposing a no-contact order or other conditions of pretrial release."

[10]CrR 3.2; CrRLJ 3.2.

[11]RCW 10.99.040(4) provides in part, "Willful violation of a court order issued under subsection (2) or (3) of this section is a gross misdemeanor except as provided in (b) and (c) of this subsection (4)."

[12]RCW 10.99.040(4)(d) states in part:

"The written order releasing the person charged or arrested . . . shall bear the legend: 'Violation of this order is a criminal offense under chapter 10.99 RCW and will subject a violator to arrest; any assault, drive-by shooting, or reckless endangerment that is a violation of this order is a felony. You can be arrested even if any person protected by the order invites or allows you to violate the order's prohibitions. You have the sole responsibility to avoid or refrain from violating the order's provisions. Only the court can change the order.' "

fulfills their legislative purpose and intent.[13] Legislative intent is primarily determined from the statutory language.[14] When the words in a statute are clear, we are required to apply the statute as it is written.[15] We may not read into statutes wording that is not there even if we believe that the Legislature may have inadvertently omitted it.[16] Likewise, we must give effect to all words in a statute.[17]

We turn first to RCW 10.99.045(3), which provides in part:

> At the time of the appearances provided in subsection (1) or (2) [appearance in court either within one judicial day of arrest on a domestic violence charge or as soon as practicable after such a charge if there is no arrest], the court shall determine the necessity of imposing a no-contact order *or other conditions of pretrial release.*"[18]

The express reference in the statute to *"other conditions of pretrial release"* clearly indicates an intent by the Legislature to limit the term of no-contact orders issued at arraignment to the period between entry of the order and trial. To read the above language in any other way would require that we ignore the words "other conditions of pretrial release" as a group within which a no-contact order falls. It follows that if a case is dismissed and there is no trial, there is no express legislative authority for the continued validity of the no-contact order.

---

[13]*In re Marriage of Kovacs*, 121 Wn.2d 795, 804, 854 P.2d 629 (1993).

[14]*Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997).

[15]*Duke*, 133 Wn.2d at 87.

[16]*In re Custody of Smith*, 137 Wn.2d 1, 12, 969 P.2d 21 (1998) (stating, "[W]e will not read qualifications into the statute which are not there. A 'court cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or inadvertent omission.' ").

[17]*Gilbert H. Moen Co. v. Island Steel Erectors, Inc.*, 128 Wn.2d 745, 762, 912 P.2d 472 (1996) (citing *Cox v. Helenius*, 103 Wn.2d 383, 387-88, 693 P.2d 683 (1985)).

[18](Emphasis added.)

Other provisions of the chapter buttress our conclusion. First, RCW 10.99.040(2) states in part:

> Because of the likelihood of repeated violence directed at those who have been victims of domestic violence in the past, when any person charged with or arrested for a crime involving domestic violence is released from custody *before arraignment or trial* on bail or personal recognizance, the court authorizing the release may prohibit that person from having any contact with the victim.[19]

Because the no-contact order is issued in conjunction with the defendant's pretrial release on the underlying charge, we believe that the order is in fact dependent on that charge proceeding to trial.

Second, RCW 10.99.040(3) states in part:

> At the time of arraignment the court shall determine whether a no-contact order shall be issued or extended. If a no-contact order is issued or extended, *the court may also include in the conditions of release* a requirement that the defendant submit to electronic monitoring.[20]

Again, the language of this section indicates that the order is dependent on the criminal charge since it is issued as a condition of the defendant's pretrial release for that charge. Any other reading of these two sections would require us to ignore the language that we emphasize in the two quotations above.

Third, RCW 10.99.040(4)(d) provides certain requirements for "[t]he written order releasing the person charged or arrested." From the reference to the no-contact order as a *releasing* order, it appears to us that it is an order of pretrial release that does not survive dismissal of the underlying charge.

We note that the Legislature expressly provided for no-contact orders to be entered when a person is convicted of a crime and a condition of sentence restricts contact with

---

[19](Emphasis added.)

[20](Emphasis added.)

the victim.[21] If the Legislature had intended that a pretrial no-contact order entered at arraignment have continuing validity after dismissal of the underlying charge, it could have expressly said so. But it has not, as yet, done this.

Other authority supports our conclusion. In its DOMESTIC VIOLENCE MANUAL FOR JUDGES, the Washington State Gender and Justice Commission expressly states that "[i]n any domestic violence case, the court should consider imposing a requirement of 'no contact' with the victim as a condition of release."[22] While the manual does not directly address the question before us, it adds weight to our conclusion that the pretrial no-contact order contemplates a later trial. Absent such a trial by virtue of dismissal, the order cannot have any continuing validity.

The State argues that RCW 10.99.040(5) explicitly authorizes courts to enter no-contact orders with one-year durations. That statute states:

> Whenever an order prohibiting contact is issued, modified, or terminated under subsection (2) or (3) of this section, the clerk of the court shall forward a copy of the order . . . to the appropriate law enforcement agency specified in the order. Upon receipt of the copy of the order *the law enforcement agency shall forthwith enter the order for one year* or until the expiration date specified on the order into any computer-based criminal intelligence information system available in this state used by law enforcement agencies to list outstanding warrants.[23]

The State claims that because a law enforcement agency must maintain a record of the no-contact order for one year, the order must be valid for one year. But the fact that a law enforcement agency shall keep a copy of the order in its "criminal intelligence information system" is irrelevant

---

[21]RCW 10.99.050.

[22]STATE GENDER AND JUSTICE COMMISSION, DOMESTIC VIOLENCE MANUAL FOR JUDGES, at 4-4 (rev. 1997). The Commission recognizes that both RCW 10.99.040(2) and court rule authorize the court to enter a no-contact order as a condition of pretrial release.

[23]RCW 10.99.040(5) (emphasis added).

to the question of whether the order has continuing validity after dismissal of the underlying criminal charge. Accordingly, we reject the State's argument.

Anaya also relies on RCW 10.99.040(5) in his argument in support of dismissal. He claims that the plain language of RCW 10.99.040(5) indicates that the no-contact order terminates once the domestic violence charge is dismissed. We disagree.

Anaya essentially argues that the order in this case survived only because the clerk of the court failed to follow the legislative mandate of RCW 10.99.040(5). The first sentence of that subsection, quoted above, directs the clerk of the court to forward a copy of a no-contact order to the appropriate law enforcement agency. That language, according to Anaya, also requires the clerk of court to notify the law enforcement agency that the order is modified or terminated when the clerk processes the order dismissing the underlying case.

But a clerk of court has no authority to modify or terminate a no-contact order entered by the court. The statute is limited to directing the clerk to forward to the appropriate law enforcement agency any orders prohibiting contact entered by the court or orders that modify or rescind such no-contact orders. This provision is not authority for the proposition that no-contact orders entered at arraignment have no continuing validity if the underlying charges are dismissed.

In addition to its statutory construction arguments, the State also argues that the chapter's clearly stated policy of protecting victims of domestic violence indicates that no-contact orders survive dismissal of the criminal charge. We fully agree that the Legislature has stated in very clear terms that domestic violence is a serious crime and that official response to that crime must protect victims.[24] Our court has previously recognized that strong statement of

---

[24]The express legislative purpose and intent of RCW 10.99 is to "recognize the importance of domestic violence as a serious crime against society and to assure the victim of domestic violence the maximum protection from abuse which the

legislative policy.[25] But that strongly stated policy does not justify our reading into this criminal statute provisions that are not there. Creating statutory law is a purely legislative function.[26]

 Finally, the State invites us to read RCW 10.99 in conjunction with RCW 10.14 and Title 26 RCW and to apply in pari materia analysis. When more than one legislative enactment could apply to a given case, the statutes are read in pari materia and harmonized if possible.[27] The State contends that applying such analysis makes clear that the Legislature intended no-contact orders to be effective for one year. But in pari materia analysis is not appropriate here because there is only one legislative enactment that applies in Anaya's case. RCW 10.14 authorizes protection orders as relief for unlawful harassment. And RCW Title 26 allows petitioners to obtain civil restraining orders. In contrast, RCW 10.99 involves a criminal no-contact order. It is only under that chapter that a no-contact order is entered against a defendant being arraigned on charges of domestic violence. Because no other statute could apply to Anaya's case, in pari materia does not apply.

In sum, we hold that the no-contact order entered at arraignment against Anaya expired upon the dismissal of the underlying domestic violence charge. The Legislature has not criminalized the violation of such an order after dismissal of the underlying charge. We leave to the determination of the Legislature whether it believes criminal conse-

---

law and those who enforce the law can provide. . . . It is the intent of the legislature that the official response to cases of domestic violence shall stress the enforcement of the laws to protect the victim and shall communicate the attitude that violent behavior is not excused or tolerated." RCW 10.99.010.

[25]*See, i.e., Jacques v. Sharp*, 83 Wn. App. 532, 537, 922 P.2d 145 (1996) (stating, "The public policy of this state on the subject of domestic violence is strongly expressed in several statutes. Chapter 10.99 RCW . . . identifies domestic violence as a serious crime. It assures victims of such violence the maximum protection from abuse that the law and its enforcers can provide.").

[26]*State v. Anderson*, 94 Wn. App. 151, 156, 971 P.2d 585 (1999).

[27]*Monroe v. Soliz*, 132 Wn.2d 414, 425, 939 P.2d 205 (1997); *Riksem v. City of Seattle*, 47 Wn. App. 506, 510, 736 P.2d 275, *review denied*, 108 Wn.2d 1026 (1987).

quences should flow in the future from the violation of a no-contact order under such circumstances.

Because we reverse his conviction on this basis, we decline to reach Anaya's challenge to the jurisdiction of the district court and his substantive due process claims.

We reverse the judgment and sentence.

AGID, A.C.J., and GROSSE, J., concur.