[No. 45982-1-I.   Division One.   April 23, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. KARL ALAN SCHULTZ, *Appellant*.

---

*John E. Gibson* and *Eric Broman* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

PER CURIAM — A preconviction no-contact order can serve as the basis for a criminal prosecution if the violation occurred within the period in which the order is effective, and even after conviction of the underlying assault. The preconviction order in this case was valid even after conviction. Accordingly, we reject Schultz's contention that the State failed to prove the validity of the order beyond a reasonable doubt. The conviction is affirmed.

## FACTS

On February 2, 1999, the Everett Municipal Court issued

a preconviction no-contact order against Karl A. Schultz.[1] The order precluded Schultz from contacting his girl friend, Ermita T. Sucaldito, for a period of one year. After a stipulated trial, a jury convicted Schultz of domestic assault. In the Finding and Sentence, the trial court checked a box that required the no-contact order to "remain in effect." The court did not issue a new contact order under RCW 10.99.050 (postconviction order).

Notwithstanding the no-contact order, Schultz and Sucaldito resumed living together. An argument between the two caused the police to be dispatched to the residence on August 10, 1999. The State charged Schultz with "Violation of Domestic Violence No-Contact Order (pre-conviction)" as proscribed by RCW 10.99.040.

The trial court granted Schultz's motion to exclude evidence of the prior domestic assault conviction, including the Finding and Sentence which contained the provision extending the February 2, 1999, no-contact order.

At trial, the State introduced a certified copy of the preconviction no-contact order. Schultz moved to dismiss after the State rested its case. He argued that the preconviction no-contact order was "invalid" because it had expired once the jury convicted him of domestic violence. Schultz also argued that the charging document was inadequate.

In response, the State moved to reopen its case to admit evidence of the Finding and Sentence from the domestic violence conviction. The State also argued that the order was valid for one year unless Schultz had either been acquitted or the case had been dismissed before the one-year period. Since a jury had convicted Schultz of the domestic violence charge, the order remained in effect.

Before ruling, the trial court asked Schultz whether he was planning to argue to the jury that the no-contact order

---

[1] After the court entered the order, the Legislature amended RCW 10.99.040(3), and inserted "The no-contact order shall terminate if the defendant is acquitted or the charges are dismissed."

was not valid. Schultz responded that he was not planning to do so. The trial court agreed that the issue of validity would not be one for the jury to decide. The court noted that the issue was a close one and inquired as to whether the State wanted to continue the trial in its current posture. The State said that it wished to pursue the charge. The trial court denied Schultz's motion to dismiss, noting that Schultz had not been prejudiced:

> I just don't see that the defendant has been prejudiced in any way by the matter being charged in this manner. I think it probably would have been cleaner for the court to issue a new no-contact order and for the State then to have proceeded on a violation of no-contact order postconviction, but the penalties are the same. The no-contact order is the same. The language is the same. So I simply don't see any prejudice to the defendant.

The trial court ruled that the judgment and sentence would be admitted for purposes of the appellate record, but would not go to the jury.

A jury convicted Schultz of the lesser-included crime of a nonfelony violation of a no-contact order. Schultz appeals, claiming that there is insufficient evidence to prove that the order is valid.

## DISCUSSION

Our court has held that "[t]he validity of a protective order is an implicit element of the crime of violation of such order." *State v. Marking*, 100 Wn. App. 506, 509, 997 P.2d 461, *review denied*, 11 P.3d 825 (2000). Therefore, the State must prove the validity of the no-contact order beyond a reasonable doubt. *Marking*, 100 Wn. App. at 509.

In a domestic violence situation, a trial court may impose a no-contact order pretrial, RCW 10.99.040 and .045, or postconviction, RCW 10.99.050. The no-contact order here was entered pretrial. In *State v. Anaya*, 95 Wn. App. 751, 976 P.2d 1251 (1999), this court held that violation of a no-contact order that was entered at arraignment for a

domestic violence charge could not serve as the basis for a criminal prosecution if the violation occurred after the dismissal of the underlying domestic violence charge. Because RCW 10.99.040 did not expressly state whether the order would survive a dismissal, we applied statutory construction principles to determine whether the order remained valid. We first looked to RCW 10.99.045, the statute specific to arraignments. That statute provides that at the time of the arraignment, the "court shall determine the necessity of imposing a no-contact order or other conditions of pretrial release . . . ." Based on this language, this court concluded that "The express reference in the statute to *other conditions of pretrial release*' clearly indicates an intent by the Legislature to limit the term of no-contact orders issued at arraignment to the period between entry of the order and trial. To read the above language in any other way would require that we ignore the words 'other conditions of pretrial release' as a group within which a no-contact order falls." *Anaya*, 95 Wn. App. at 756.

■ Schultz claims that *Anaya* stands for the proposition that an order issued under RCW 10.99.040 is valid only from the time of an arraignment to the end of trial. We disagree. *Anaya*, stands for the proposition that the order terminates if the charge is dismissed. Unlike *Anaya*, this case resulted in a conviction. *Anaya* does not compel this court to hold the no-contact order invalid. The order was valid, and the State proved its validity beyond a reasonable doubt.

Having concluded that sufficient evidence supports the conviction, we decline the State's invitation to reconsider the cases of *Marking* and *City of Seattle v. Edwards*, 87 Wn. App. 305, 308, 941 P.2d 697 (1997).

The conviction is affirmed.

Review granted at 145 Wn.2d 1001 (2001).