IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74677-4-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| WENDY GRANATH, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 31, 2017 |
| | ) | |

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED
2017 JUL 31  AM 9: 24

BECKER, J. — At issue is a postconviction domestic violence no-contact order issued by a district court under RCW 10.99.050(1) to record a condition of the sentence. We hold the court erred by refusing to lift the order when the defendant fulfilled all the conditions of her sentence.

FACTS

Appellant Wendy Granath was charged with sending a series of harassing e-mails to her estranged husband. She was convicted in King County District Court on one count of cyberstalking and one count of violation of a no-contact order. Both offenses were designated as crimes of domestic violence.

On November 8, 2012, the court imposed a 24-month suspended sentence. The court ordered 24 months of supervised probation and imposed fines and fees totaling $1,808.

Under the heading of "Conditions" on the judgment and sentence form, the court checked the box marked "Do not go on the property of and have *no contact with*" the victim. The form informed Granath that the conditions of sentence would "remain in effect through the period of the deferred or suspended sentence until and unless changed by Court order" and that a violation could lead to revocation of the suspended sentence.[1]

Also on November 8, 2012, the court issued a no-contact order. The order form was captioned as a postconviction domestic violence no-contact order authorized by RCW 10.99.050. The order directed Granath not to threaten, stalk, harass, or contact her estranged husband or keep him under surveillance, and not to knowingly come within 500 feet of him, his residence, his school, or his

---

[1] Attached to the judgment form was a list of 12 "Rights, Conditions and Warnings." Item 10, "Failure to Meet Conditions," contained the warning about revocation as a possible consequence of a violation:

Failure to meet any of the conditions of the Judgment and Sentence, or any conditions numbered 1 through 9 above, to fail to appear as scheduled, or to fail to pay financial obligations, may result in the issuance of a bench warrant for your immediate arrest, or the revocation of your deferred or suspended sentence. It may also result in the imposition of warrant costs, the suspension of your driver's license and the referral of your fines, costs and assessments to a collection agency. If a deferred or suspended sentence is revoked because of failure to meet conditions, you are subject to the imposition of the maximum sentence and fine as permitted by law, or such portion thereof as the Court deems appropriate. These conditions remain in effect through the period of the deferred or suspended sentence until and unless changed by Court order.

workplace. The order warned, "Violation of this order is a criminal offense under chapter 26.50 RCW *and will subject a violator to arrest.*"

The order form includes a blank space for the expiration date:

> 4. This no-contact order expires on: _____. Five years from today if no date is entered.

In Granath's case, the district court did not enter a date in the blank, so by default, the order was set to expire on November 8, 2017.

The parties agree that the district court "closed the case" in December 2014 after Granath paid the fines. At this point, the no-contact condition of her sentence no longer remained in effect. Granath moved to have the no-contact order vacated on the ground that it expired when she completed her sentence. The district court denied the motion. The court characterized a no-contact order issued under RCW 10.99.050 as a "stand-alone" order and found that such an order can "survive on its own" for a full five years even if the underlying sentence is completed earlier.

Granath appealed to King County Superior Court. The superior court affirmed. This court granted Granath's motion for discretionary review.

The statute under consideration requires a court to "record" a written no-contact order "when a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim":

> (1) When a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim, such condition shall be recorded and a written certified copy of that order shall be provided to the victim.
>     (2)(a) Willful violation of a court order issued under this section is punishable under RCW 26.50.110.

3

(b) The written order shall contain the court's directives and shall bear the legend: Violation of this order is a criminal offense under chapter 26.50 RCW and will subject a violator to arrest; any assault, drive-by shooting, or reckless endangerment that is a violation of this order is a felony.

(3) Whenever an order prohibiting contact is issued pursuant to this section, the clerk of the court shall forward a copy of the order on or before the next judicial day to the appropriate law enforcement agency specified in the order. Upon receipt of the copy of the order the law enforcement agency shall enter the order for one year or until the expiration date specified on the order into any computer-based criminal intelligence information system available in this state used by law enforcement agencies to list outstanding warrants. Entry into the computer-based criminal intelligence information system constitutes notice to all law enforcement agencies of the existence of the order. The order is fully enforceable in any jurisdiction in the state.

(4) If an order prohibiting contact issued pursuant to this section is modified or terminated, the clerk of the court shall notify the law enforcement agency specified in the order on or before the next judicial day. Upon receipt of notice that an order has been terminated, the law enforcement agency shall remove the order from any computer-based criminal intelligence system.

RCW 10.99.50.

Only the district court had authority to enforce a violation by Granath of the no-contact condition of her sentence. And the only available tool of enforcement was revocation of her suspended sentence. Now that Granath has completed her sentence, revocation of the sentence is no longer a possibility. But as long as the separate no-contact order remains in place, if Granath contacts the victim, she is subject to punishment for a new offense in any jurisdiction in the State. RCW 10.99.050(2), (3).

The question to be decided is whether the legislature intended to criminalize violation of a postconviction no-contact order entered as a condition of sentence if the violation is committed after that sentence has been served.

4

Because statutory interpretation is required, de novo is the appropriate standard of review. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). The goal of statutory interpretation is to discern and implement the legislature's intent. Armendariz, 160 Wn.2d at 110. Legislative intent is primarily determined from the statutory language. State v. Anaya, 95 Wn. App. 751, 756, 976 P.2d 1251 (1999).

Chapter 10.99 RCW authorizes trial courts to enter no-contact orders at various stages in a domestic violence prosecution: when a person charged or arrested is released "before arraignment or trial," RCW 10.99.040(2)(a); at arraignment, RCW 10.99.040(3); and, as here, at sentencing after conviction if the defendant's contact with the victim is to be restricted as a sentencing condition, RCW 10.99.050(1). State v. Schultz, 146 Wn.2d 540, 544, 48 P.3d 301 (2002).

When first enacted, the statute that is now RCW 10.99.040 did not expressly state the maximum duration of an order entered at arraignment. Anaya, 95 Wn. App. at 754. The absence of an express time limit led to the issue we addressed in Anaya. In that case, a district court entered a no-contact order at arraignment prohibiting the defendant from having contact with his girlfriend for one year. Anaya, 95 Wn. App. at 753. Two months later, the State dismissed the underlying charges. Several months after that, when responding to a report of domestic violence between the defendant and his girlfriend, police arrested the defendant for violating the no-contact order, which appeared to be

still valid. Anaya, 95 Wn. App. at 753. The defendant was charged and convicted solely for the violation.

We framed the question to be decided as "whether the Legislature intended to criminalize violation of a no-contact order entered at arraignment for a domestic violence charge after that charge is later dismissed." Anaya, 95 Wn. App. at 755. We reversed the conviction, concluding that the order expired with the dismissal. While there was no express statutory time limit, a no-contact order entered at arraignment was classified by statute as a condition of pretrial release. This classification indicated legislative intent "to limit the term of no-contact orders issued at arraignment to the period between entry of the order and trial." Anaya, 95 Wn. App. at 756. "It follows that if a case is dismissed and there is no trial, there is no express legislative authority for the continued validity of the no-contact order." Anaya, 95 Wn. App. at 756. We held that the order "is dependent on the criminal charge since it is issued as a condition of the defendant's pretrial release for that charge." Anaya, 95 Wn. App. at 757. The legislature later ratified the holding of Anaya by amending the statute to provide that a no-contact order entered at arraignment "shall terminate if the defendant is acquitted or the charges are dismissed." LAWS OF 2000, ch. 119, § 18; RCW 10.99.040(3); Schultz, 146 Wn.2d at 544-45.

The issue in this case is similar to the issue in Anaya. The legislature has not stated a specific time limit of months or years for the validity of a postconviction no-contact order issued under the authority of RCW 10.99.050(1). We know that the legislature does not intend for such an order to remain in effect

indefinitely because the statute calls for an "expiration date specified on the order." RCW 10.99.050(3). Here, the district court did not enter a date on the order, so by default, the order specified an expiration date in November 2017, five years after sentencing.

Granath contends that under RCW 10.99.050(1), the no-contact order expires at the same time as the sentence containing the no-contact condition. In her case, that was in December 2014.

The State responds that the permissible duration of the no-contact order is not tied to the length of the sentence *actually* imposed; rather, it is equivalent to the period of time during which the court *could have* exercised sentencing authority over the defendant. Five years is the statutory maximum length of time a district court may suspend a sentence for a domestic violence offense. RCW 3.66.068(1)(a); see also former RCW 3.66.068 (2001) (in effect at the time of Granath's crimes). The State thus contends that a no-contact order issued by a district court under RCW 10.99.050 may remain in effect up to five years, the default period provided by the form order.

The State's idea that a no-contact order may remain in effect for a "statutory maximum" of some kind is not expressed in RCW 10.99.050; it is derived from Armendariz. In that case, though, the maximum duration of the no-contact order was derived from felony sentencing statutes, not from RCW 10.99.050. The court issued an order prohibiting the defendant from contacting the victim for 5 years, the statutory maximum term for his offense of third-degree

assault. Armendariz, 160 Wn.2d at 109. The no-contact order was imposed as a crime-related prohibition. Armendariz, 160 Wn.2d at 112, 120.

On appeal, the defendant wanted the effective term of the no-contact order to be limited to the 12-month term of community custody included in his sentence. Armendariz, 160 Wn.2d at 118. The court instead held that a no-contact order imposed as a crime-related prohibition could be effective up to the statutory maximum term of the offense. The court began its analysis with RCW 9.94A.505(5), which specifies that a sentence generally may not exceed the "statutory maximum" for the crime as provided in chapter 9A.20 RCW. Armendariz, 160 Wn.2d at 119. The court noted that the statute does not specifically mention crime-related prohibitions as being limited in duration to the statutory maximum for the crime. "However, given that no more specific guidance is provided, it is reasonable to subject these conditions to the same time limit as applies to all other aspects of a defendant's sentence." Armendariz, 160 Wn.2d at 119.

The court supported this conclusion by referring to an earlier version of the statute that authorized crime-related prohibitions. The earlier version "explicitly provided that no-contact orders like the one at issue in the present case could be made effective 'for a period not to exceed the maximum allowable sentence for the crime.'" Armendariz, 160 Wn.2d at 119, quoting former RCW 9.94A.120(20) (1999). The legislature made technical corrections in 2000 that eliminated the explicit reference to making a no-contact order effective for the maximum allowable sentence. But the legislature "expressly stated its intent not to effect

any substantive changes by its actions. RCW 9.94A.015." Armendariz, 160 Wn.2d at 119.

The State attempts to find in Armendariz a general principle that a no-contact order imposed in conjunction with a criminal sentence may remain in effect for the statutory maximum term of the court's sentencing authority for the crime committed. But the State's argument depends on phrases—"statutory maximum" and "maximum allowable sentence"—that do not appear in RCW 10.99.050. Because the court was not called upon to interpret RCW 10.99.050, Armendariz does not provide authority to insert into RCW 10.99.050(1) a time limit equivalent to the statutory maximum term of a court's sentencing authority.[2]

Nor is that result compelled by State v. W.S., 176 Wn. App. 231, 309 P.3d 589 (2013). In that case, the juvenile court issued a no-contact order under RCW 10.99.050 with a term of 10 years. The offender argued on appeal that given the juvenile court's limited statutory jurisdiction, the no-contact order could not extend beyond his 18th birthday or, at the latest, beyond his 21st birthday. W.S., 176 Wn. App. at 236, 239. We affirmed. We reasoned that the superior court may hear a motion to modify or enforce a no-contact order issued by a juvenile court after the offender turns 18 because a juvenile court is a division of superior court. W.S., 176 Wn. App. at 242.

We also stated that Armendariz supports the conclusion that the juvenile court had the authority to impose a no-contact order under RCW 10.99.050 "for

---

[2] Armendariz does of course control the maximum duration of no-contact orders issued as crime-related prohibitions. We do not question the reasoning of Armendariz.

the statutory maximum of the crime." W.S., 176 Wn. App. at 242. The State deduces from this statement that W.S. authoritatively interpreted RCW 10.99.050(1) as including the words "for the statutory maximum of the crime." In view of the argument and theory presented in W.S., the State's reasoning is incorrect.

"An appellate court opinion that does not discuss a legal theory does not control a future case in which counsel properly raises that legal theory." State v. Reinhart, 77 Wn. App. 454, 458-59, 891 P.2d 735, review denied, 127 Wn.2d 1014 (1995); John Doe G v. Dep't of Corr., 197 Wn. App. 609, 619, 391 P.3d 496, review granted in part, 188 Wn.2d 1008 (2017). Granath's legal theory is that the plain language of RCW 10.99.050(1) ties the permissible length of the no-contact order to the sentence actually imposed. That theory was not raised in W.S. The appellant's only theory was that an order issued by a juvenile court must expire when the juvenile court's limited statutory jurisdiction over the offender expires. We held that a juvenile court's authority to issue a no-contact order under RCW 10.99.050 is "independent and unrelated to the court's statutory jurisdiction over the offender." W.S., 176 Wn. App. at 243. This is because after a juvenile offender turns 18, the superior court has the authority to enforce the no-contact order. W.S., 176 Wn. App. at 243. The reference in W.S. to "the statutory maximum of the crime" comes from the court's discussion of Armendariz, not from analysis of RCW 10.99.050. Therefore, the reference in W.S. to "statutory maximum" does not control or inform our analysis of the legal theory raised by Granath.

10

To discern the legislature's intent, we must look to the plain language of RCW 10.99.050. Specifically, we must look at the command of the first subsection, which reads as follows: "When a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim, such condition shall be recorded and a written certified copy of that order shall be provided to the victim." RCW 10.99.050(1).

This subsection states three prerequisites for a postconviction no-contact order issued under RCW 10.99.050. The defendant must be found guilty of a crime, there must be a sentence, and a condition of the sentence must restrict the defendant's ability to have contact with the victim. When those prerequisites are met, the no-contact condition of sentence must be "recorded" in a separate order that is provided to the victim.

This subsection does not say that a no-contact order issued under RCW 10.99.050 may remain in effect for the maximum term of the court's sentencing authority. Nothing like the phrase "statutory maximum" is found in the operative language of RCW 10.99.050. The only no-contact order the statute authorizes is one that records a no-contact condition of the sentence. It follows that when the no-contact condition of sentence expires, there is no express legislative authority for the continued validity of the no-contact order. A no-contact order is "stand-alone" only in the sense that a violation can be enforced as a criminal offense in any jurisdiction in the state.

The State fails to come to grips with the plain language of RCW 10.99.050(1). Instead, the State makes a policy argument. The State

11

contends a five-year term is necessary to fulfill the legislatively expressed purpose of assuring the victim of domestic violence "the maximum protection from abuse which the law and those who enforce the law can provide." LAWS OF 1979, 1st Ex. Sess., ch. 105, § 1; RCW 10.99.010.

If the statute is construed as authorizing no-contact orders that assure maximum protection for victims, then there is no reason to stop at 5 years; a no-contact order of 50 years or longer would be permissible. As we said in Anaya, the "strongly stated policy" of protecting victims of domestic violence "does not justify our reading into this criminal statute provisions that are not there. Creating statutory law is a purely legislative function." Anaya, 95 Wn. App. at 760.

The State suggests that RCW 10.99.050 has a "durational ambiguity" because it does not state a specific time limit. A statute is ambiguous if, after an inquiry to determine its plain meaning, it remains susceptible to more than one reasonable meaning. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 12, 43 P.3d 4 (2002).

The State does not identify terms in RCW 10.99.050 that make it susceptible to more than one reasonable meaning. The absence of language stating a specific time limit such as five years does not necessarily create a durational ambiguity. In Anaya, this court construed the statute relating to no-contact orders issued or extended at arraignment. At the time, the statute did not expressly state how long such orders could remain in effect, yet this court did not find an ambiguity. In Armendariz, the statute in question did not expressly state the maximum duration of a no-contact order issued as a crime-related

12

prohibition, yet the court did not find an ambiguity. And even if RCW 10.99.050 were ambiguous as to duration, it would not provide a route to the State's desired result. Because the statute criminalizes contact with the victim and establishes criminal penalties, the rule of lenity would apply. State v. Weatherwax, 188 Wn.2d 139, 155-56, 392 P.3d 1054 (2017).

We conclude a no-contact order authorized by RCW 10.99.050(1) must reflect a no-contact condition of the sentence actually imposed. The no-contact order terminates when the no-contact condition of sentence terminates.

The State contends this construction of the statute is absurd. In interpreting statutes, we presume the legislature did not intend absurd results. Weatherwax, 188 Wn.2d at 148. An appellate court will avoid an absurd result even if it must disregard unambiguous statutory language to do so. But this canon of construction must be applied sparingly, consistent with separation of powers principles. It will be invoked to "prevent obviously inept wording from thwarting clear legislative intent," not when it merely appears that a different policy choice might have been preferable. In re Dependency of D.L.B., 186 Wn.2d 103, 119, 376 P.3d 1099 (2016).

The wording of RCW 10.99.050(1) is not obviously inept. It is not absurd to tie the length of a no-contact order to the sentence actually imposed. The district court stated in its oral ruling that in most cases, it is "a good practice" to have the term of a no-contact order match the term of the defendant's probation; the court simply did not believe it was a legal requirement. We leave to the

legislature to determine whether a different time limit is preferable.[3]

Granath was found guilty of a crime, she was sentenced, and a condition of the sentence restricted her contact with the victim. The district court was required by the statute to record the condition of the sentence as a no-contact order. Once Granath completed her sentence and her case was closed, the no-contact condition of sentence expired. The separate no-contact order expired at the same time.

The district court erred by denying Granath's motion to vacate the no-contact order.

Reversed.

Becker, J.

WE CONCUR:

Cox, J.

---

[3] The legislature has in recent years enacted statutes similar to RCW 10.99.050 that specify particular time limits for a no-contact order. For example, a final sexual assault protection order entered in conjunction with a criminal prosecution "shall remain in effect for a period of two years following the expiration of any sentence of imprisonment and subsequent period of community supervision, conditional release, probation, or parole." RCW 7.90.150(6)(c); State v. Navarro, 188 Wn. App. 550, 555, 354 P.3d 22 (2015), review denied, 184 Wn.2d 1031 (2016). A final stalking no-contact order entered in conjunction with a criminal prosecution "shall remain in effect for a period of five years from the date of entry." RCW 7.92.160(6)(c).