[No. 39764-8-I. Division One. August 11, 1997.]

THE CITY OF SEATTLE, *Petitioner*, v. ROBERT EDWARDS, *Respondent.*

*Mark H. Sidran, City Attorney,* and *Janice C. Albert, Assistant,* for petitioner.

*James E. Koenig* of *Associated Counsel for the Accused,* for respondent.

ELLINGTON, J. — Robert Edwards was charged and convicted in Seattle Municipal Court for knowingly violat-

ing a protective order. He appealed to superior court, where the conviction was reversed. We granted discretionary review. The charged incident occurred more than one year after the issuance of the order. Because the order is ambiguous as to whether it is effective for more than a year, the constitutional guarantee of due process required reversal. We therefore affirm.

## FACTS

Homer and Carla Quan obtained a protective order against Edwards that prohibited him from coming within 500 feet of their residence. The order stated it was effective until one year from issuance or until further order of the court. More than a year after this order was entered, Edwards was observed in a phone booth located approximately 75 feet from the Quans' home. Based on this incident, Edwards was convicted in Seattle Municipal Court of knowingly violating the order. The superior court reversed the conviction, stating that "[t]he court lacked the inherent authority to grant an Order for Protection 'until further [order] of the court.' " We granted discretionary review to decide whether the court had authority to enter such an order and whether Edwards' challenge amounted to an impermissible collateral attack on the protective order.

## DISCUSSION

Due process requires the government to prove every element of a charged offense. *State v. Lively*, 130 Wn.2d 1, 11, 921 P.2d 1035 (1996). The evidence is sufficient if, when viewed in the light most favorable to the government, any reasonable trier of fact could conclude that each element was proved beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Due process also requires the government to provide fair warning that the charged act consti-

tutes a crime. *See, e.g., State v. Becker*, 132 Wn.2d 54, 61, 935 P.2d 1321 (1997).

■ The act charged here is the willful violation of a protective order. An implicit element of this crime is the existence of a valid order at the time of the alleged violation, a fact that the City must prove beyond a reasonable doubt. *See* SMC 12A.06.180; *United States v. Casciano*, 927 F. Supp. 54, 58-60, (N.D. N.Y. 1996); *Rohrscheib v. State*, 934 S.W.2d 909, 911 (Tex. Ct. App. 1996).

When the protective order was entered, the superior court was, as it is now, authorized to enter permanent orders and orders for fixed terms. *Compare* RCW 26.50.060(2) (1992) *and* RCW 26.50.060(2) (1996). The problem here is that the order entered against Edwards is ambiguous as to its term. This ambiguity arises not so much from the chosen wording, but from the manner in which this wording appears in the order.

The order is a standard preprinted form, which states that it will be effective for one year, but then provides two other options for setting alternative termination dates. The first option provides a fixed termination date, while the second option provides that the order is effective until further court order. The order was formatted as follows, with the second option selected:

THIS ORDER FOR PROTECTION WILL BE EFFECTIVE UNTIL ONE YEAR FROM TODAY.

OR

[ ] until _____ (date) or [ / ] until further order of the court.

Because the court did not strike the phrase "UNTIL ONE YEAR FROM TODAY[,]" and because that phrase ends in a period, the "OR" on the next line is easily overlooked. If read, it is confusing, making the order ambiguous as to whether "until further order of the court" was meant to provide a means for modifying the explicit one-year dura-

tion of the order or was meant to extend the duration beyond one year and until another order was entered.

Ambiguities in court orders must be reasonably interpreted. *See State v. Williams*, 75 Wn.2d 604, 605-06, 453 P.2d 418 (1969). We rely on ordinary principles of statutory construction to resolve the ambiguity here. Pertinent to the situation before us is the rule of lenity, which dictates that ambiguities are resolved in favor of the defendant, and the general rule that the adopted construction render no word superfluous. *See, e.g., State v. McGee*, 122 Wn.2d 783, 787-90, 864 P.2d 912 (1993).

If the order is interpreted to be permanent, as the City claims it was meant to be, the phrase "UNTIL ONE YEAR FROM TODAY" is rendered superfluous. If we give meaningful effect to "UNTIL ONE YEAR FROM TODAY" as part of the substance of the order, the phrase "or until further order of the court" can be reasonably interpreted only as notice of the possibility of modification of the one-year duration. This is the commonsense reading of the order as it was signed, and is consistent with the rules for interpreting ambiguities. We therefore construe the order as being effective for one year, with the possibility that the duration could be changed by further court order. No such further order was entered, so the duration was one year. Because the act complained of occurred more than one year since the entry of the order, the alleged incident could not have constituted a crime. *See Rohrscheib*, 934 S.W.2d at 911.

The City argues that the court that entered the order intended it to be permanent, which may be true. But the ambiguity in the language and format of the order prevents us, and Edwards, from reaching that conclusion with certainty. We cannot allow a conviction to stand where the State has not given fair notice of the proscribed conduct. *See Becker*, 132 Wn.2d at 61.

Fair notice of a permanent order could have been given by clearly delineating three options and clearly selecting the permanent option. For example:

THIS ORDER FOR PROTECTION WILL BE EFFECTIVE:

[ ] until one year from today.

[ ] until _____ (date).

[✓] until further order of the court.

 We note that the superior court took the view that the conviction was unlawful because the court lacked inherent authority to issue a protective order effective until "further order." To the extent this ruling suggests that there is a jurisdictional defect in the order, we disagree. The statute authorizes the issuance of permanent orders and does not require any particular wording. *See* RCW 26.50.060. Because all protective orders may be modified, RCW 26.50.130, "until further order" connotes permanency. The order entered here did not exceed the jurisdiction of the court.

 While the order did not exceed the court's authority, its language is nevertheless problematic for another reason. Use of the phrase "or until further order of the court" requires that upon prosecution for a violation, the government prove the order allegedly violated was the last order entered. Here, no evidence was offered to establish the order as the last entered, and Edwards moved to dismiss the charge because the City had not proved that the order remained valid. The trial court rejected that argument, ruling that "this was more of an affirmative defense" and "that if in fact there was a modification of th[e] order, that common sense would dictate that the defendant would have it here." This analysis was error.

 An affirmative defense is generally one that is uniquely within the defendant's knowledge and ability to establish. *Lively*, 130 Wn.2d at 13. A defense that negates an element of the charged crime cannot be considered affirmative because the government has the constitutional burden to prove every element beyond a reasonable doubt. *See, e.g., Lively*, 130 Wn.2d at 10-11. Here, the validity of the order is a foundational requirement of the crime. *See*

SMC 12A.06.180. Thus a burden of disproving validity cannot be placed on the defendant. *See Lively*, 130 Wn.2d at 10-11. Because the order contemplated modification, and there was no evidence that the order had not been modified, the jury could not conclude, without speculating and impermissibly shifting the burden of proof, that the order remained effective. *See Lively*, 130 Wn.2d at 11. Therefore, absent evidence that there was no further court order, the evidence was insufficient to support the conviction.

We note that any ambiguity regarding duration can be avoided by providing an option that clearly makes the order permanent:

THIS ORDER FOR PROTECTION WILL BE EFFECTIVE:

[ ] until one year from today.

[ ] until _____ (date).

[✓] permanently.

We suggest patterning future orders using a clearly worded permanent option.

The City finally argues that the conviction must be reinstated because Edward's appeal constitutes an impermissible collateral attack on the protective order. *See generally, Marley v. Department of Labor & Indus.*, 125 Wn.2d 533, 539-41, 886 P.2d 189 (1994). That argument is misplaced. We have questioned neither the validity nor the wisdom of the entered order. Rather, we have merely interpreted its scope in determining whether it was violated.

Affirmed.

BECKER and COX, JJ., concur.