56 P.3d 613 (2002)
STATE of Washington, Respondent,
v.
Randall SUTHERLAND, Appellant.
No. 49830-4-I.
Court of Appeals of Washington, Division 1.
October 28, 2002.
Thomas Kummerow, Washington Appellate Project, Seattle, WA, for Appellant.
David W. Gross, King County Prosecutor's Office, Seattle, WA, for Respondent.
COX, A.C.J.
Randall Sutherland appeals, arguing there was insufficient evidence to support his conviction *614 for felony violation of a no-contact order. Specifically, he argues that the State relied on an invalid order to prove the offense. The warning in the order that any violation would be a crime incorrectly cited Chapter 10.99 RCW, not Chapter 26.50 RCW, the correct statutory reference. Because Sutherland fails to show how this deficiency caused him prejudice, we affirm.
In July 2001, the Federal Way Municipal court entered a no-contact order prohibiting Sutherland from contacting his girlfriend, Terry Marshburn. The order followed Sutherland's conviction for fourth degree assault on Marshburn. In August 2001, Federal Way police arrested Sutherland for a new assault on Marshburn. Officers determined that the no-contact order was still in effect. When Marshburn learned that violation of the order was a felony, she declined to cooperate further with police. The State charged Sutherland with felony violation of a no-contact order and fourth degree assault.
On the first day of trial, defense counsel moved to dismiss because the no-contact order cited the incorrect statute.[1] Noting that the order did contain the correct warning that violation constituted a crime and that the statutory reference in the order would ultimately lead to the correct statute, the trial judge denied the motion.
The State presented its case through the arresting officers and Marshburn's excited utterances prior to trial. The court also admitted into evidence a copy of the no-contact order. During closing argument, Sutherland's counsel conceded the violation of the no-contact order to the jury, but argued there was insufficient proof of assault because Marshburn did not testify at trial.[2] The jury found Sutherland guilty of both charges.
On appeal, Sutherland challenges the sufficiency of the evidence. He claims that the State failed to prove a necessary element of the crime, the validity of the July 2001 no-contact order. We reject this argument.
The State is required to establish the validity of a no-contact order to obtain a conviction for violation of the order.[3] Here, the alleged invalidity of the order is the sole basis for the challenge. The order before us states, in part, that "violation of this order is a criminal offense under Chapter 10.99 RCW sub[.]"[4] The correct statutory reference would have been to "Chapter 25.60 RCW." Relying on State v. Marking,[5] Sutherland argues that this deficiency rendered the restraining order invalid.
That case does not control. In Marking, this court held invalid a no-contact order that failed to inform the person subject to it that consent is not a defense to a charge of violating the order.[6] We reasoned that "[t]he consent warning serves an important function in deterring individuals from violating the order. Absent the warning, one might mistakenly believe that consent to contact by the person protected under the order invalidates the order's otherwise mandatory prohibition."[7]
Here, there is no similar problem. There is no risk of mistake by the person subject to the order. The warning here is correct.
More importantly, Sutherland fails to demonstrate how the inaccurate statutory reference resulted in prejudice to him. The cases demonstrate that generally where there is an inaccurate statutory reference in a document, one must show prejudice in order *615 to be entitled to relief.[8] Our review of the record reveals no such prejudice.
As the trial judge recognized in denying the motion to dismiss, the reference to RCW 26.50 merely provides general guidance on how to determine what criminal sanctions apply. To actually make that determination, a person must locate the section within RCW 26.50 setting forth the sanctions RCW 26.50.110.[9] RCW 10.99 specifically references RCW 26.50.110. At best from Sutherland's point of view, the incorrect citation here adds a step to what is already an indirect reference process. That is not prejudice of the type to show invalidity of the no-contact order.
We affirm the judgment and sentence.
WE CONCUR: AGID and KENNEDY, JJ.
NOTES
[1] RCW 10.99.040(4)(b). The statute was amended the year before the order in issue was entered.
[2] RCW 26.50.110(4) provides that any assault, other than a first or second degree assault, that is a violation of a no-contact order is a class C felony. Thus, if the jury had only convicted Sutherland of violation of the no-contact order, that crime would not have constituted a felony.
[3] City of Seattle v. Edwards, 87 Wash.App. 305, 309, 941 P.2d 697 (1997).
[4] (Italics ours.)
[5] 100 Wash.App. 506, 509, 997 P.2d 461, review denied, 141 Wash.2d 1026, 11 P.3d 825 (2000).
[6] Marking, 100 Wash.App. at 507, 997 P.2d 461.
[7] Marking, 100 Wash.App. at 511-12, 997 P.2d 461.
[8] See State v. Storhoff, 133 Wash.2d 523, 946 P.2d 783 (1997) (inaccurate advice of time to appeal and incomplete statutory reference did not violate due process or invalidate driver's license revocation absent prejudice); Dep't of Licensing v. Grewal, 108 Wash.App. 815, 822-23, 33 P.3d 94 (2001) (inaccuracy in statutory breath test warnings did not render them invalid absent prejudice) (State v. Bartels, 112 Wash.2d 882, 889-90, 774 P.2d 1183 (1989) (same)). See also State v. Hopper, 118 Wash.2d 151, 822 P.2d 775 (1992) (incorrect statutory citation in criminal charging document not grounds for reversal absent prejudice).
[9] When, as here, the crime is a felony, the standard range will ultimately only be determined by reference to the Sentencing Reform Act in yet another section of the code.