[No. 27422-1-II.   Division Two.   March 11, 2003.]

THE CITY OF TACOMA, *Petitioner*, v. GERALD DEAN CORNELL, *Respondent*.

---

[7] Commitment to "juvenile detention for a period of time not to exceed seven days." RCW 7.21.030(4).

*Robin S. Jenkinson, City Attorney*, and *Anne M. Crowley, Assistant*, for petitioner.

*Douglas D. Sulkosky*, for respondent.

HOUGHTON, J. — The city of Tacoma appeals from a superior court order dismissing a violation of a protection order charge against Gerald Dean Cornell. We affirm.

## FACTS

On September 14, 2000, a superior court commissioner issued a temporary order of protection order (TRO) against Cornell for Barbara Arnold-Mikulich, Cornell's former girl friend. The court entered the TRO under chapter 26.50

RCW.[1] The TRO was properly served on Cornell on September 15. On September 16, Arnold-Mikulich filed a police report alleging that Cornell had violated the TRO.

On September 28, a superior court commissioner entered a permanent restraining order against Cornell. Cornell sought revision and dismissal of the order by a superior court judge. The superior court found that Arnold-Mikulich's petition and supporting affidavit did not set forth the statute's required allegations of bodily or physical harm or fear of bodily or physical harm. Because the petition lacked these specific allegations, the superior court vacated both the temporary and permanent protection orders on October 13. The City did not appeal the order vacating the temporary and permanent protection orders.

On October 24, 11 days after the superior court vacated the temporary and permanent orders, the City charged Cornell with violating the TRO on September 16. Cornell moved to dismiss the charge in municipal court. The municipal court denied the motion, and Cornell sought superior court review.[2]

At the superior court hearing, Cornell argued that because the protection order had been vacated on October 13, the charge must be dismissed. The City argued that because the September 16 violation occurred while the protection order was still in effect, the City could file a criminal charge even after the protection order was vacated.[3]

The superior court determined that once an invalid order is vacated, there remains no underlying basis for prosecu-

---

[1] RCW 26.50.030 provides in pertinent part: "(1) A petition for relief [order for protection] shall allege the existence of domestic violence, and shall be accompanied by an affidavit made under oath stating the specific facts and circumstances from which relief is sought. . . ."

RCW 26.50.010 provides in pertinent part: "(1) 'Domestic violence' means: (a) Physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault . . . ."

[2] A different superior court judge heard the appeal from municipal court.

[3] The City recharacterized Cornell's argument based on a vacated order as one instead based on a nunc pro tunc (Latin for "now for then") order.

tion, reversed the municipal court, and dismissed the City's charge with prejudice. The court reasoned:

> I really don't think the nunc pro tunc analogy is the proper one. I think it's more an analysis where a statute is later found unconstitutional or a search warrant that appeared to be valid on its face and later found to be improper. Those are the analogies that I would more properly use; and under those analogies, you would say that, with the order vacated, there is no underlying basis for the prosecution any further.

Am. Report of Proceedings (RP) at 6.

We granted the City's motion for discretionary review.

## ANALYSIS

The City contends that the superior court erred in dismissing the charge against Cornell for violating the protection order on September 16. We review an order vacating judgment under the abuse of discretion standard. We find such abuse only on a clear showing that the discretion exercised was manifestly unreasonable, or exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The City asserts that it may proceed with a criminal prosecution on a violation of an order that was valid and unchallenged at the time of arrest. It argues that a protection order cannot be collaterally attacked unless the order is void for lack of court jurisdiction. And that, absent evidence of a void order, a respondent to an order must abide by its conditions and restraints until the issuing court holds otherwise.[4]

---

[4] It must also be noted that the superior court dismissed the permanent and temporary orders because they were improperly filed under chapter 26.50 RCW, the Domestic Violence Prevention Act. According to the argument before the second superior court judge, the vacating court noted that an antiharassment order should have been filed instead of orders under the Domestic Violence Prevention Act. We agree and do not consider any policy implications behind the Domestic Violence Prevention Act.

■ We agree that a protection order, like an injunction, cannot be collaterally attacked.[5] Nevertheless, the City's argument does not accurately set forth the issue before us. The question before us is whether the City may prosecute a violation of a TRO that was valid *at the time of arrest* but was invalid *at the time of prosecution?*

This case presents competing interests. Generally, a court's order must be obeyed, even if it is later found to be invalid. *Mead Sch. Dist. No. 354 v. Mead Educ. Ass'n*, 85 Wn.2d 278, 280, 534 P.2d 561 (1975). But here, rather than appeal the trial court's order vacating the protection order, the City instead chose to file charges based on the invalid order.[6]

*Mead* is instructive here. In *Mead*, the superior court enjoined a teachers' strike. Several teachers were held in contempt for violating the injunction. Our Supreme Court invalidated the injunction but still held that because the court's contempt powers are inherent, the teachers' defiance of the court's order during its validity supported a contempt finding.

But the facts in *Mead* and other contempt cases differ from those here.[7] In *Mead*, the teachers' contumacious actions *and* the contempt citation occurred while the injunction was in effect. Here, Cornell allegedly violated the order while it was valid, but the City filed the charge after the court ruled that the order was invalidly entered. This distinction is critical to our decision to affirm the trial court.

---

[5] *Mead Sch. Dist. No. 354 v. Mead Educ. Ass'n*, 85 Wn.2d 278, 280, 534 P.2d 561 (1975).

[6] The City does not dispute that it had knowledge or notice that the restraining order was vacated at the time it filed the charges.

[7] *State v. Sutherland*, 114 Wn. App. 133, 134, 56 P.3d 613 (2002) (defendant was arrested and charged with violation of a no-contact order and fourth degree assault after the officers determined that the order was still in effect); *State v. Karas*, 108 Wn. App. 692, 695, 32 P.3d 1016 (2001) (defendant was charged with violating a permanent protection order); *State v. Phillips*, 94 Wn. App. 829, 831-32, 974 P.2d 1245 (1999) (defendant was arrested and charged for violating a temporary order of protection, which expired one day after he committed the violation).

In *State v. Haberman*, 105 Wn. App. 926, 22 P.3d 264 (2001), we dismissed a malicious harassment conviction because the charging information cited language from an outdated and invalid statute. The State correctly cited the statute that the defendant violated, but the language in the charging information quoted the older, outdated statute. *Haberman*, 105 Wn. App. at 932. Haberman argued that the information barely contained a proper charge under the quoted statute. *Haberman*, 105 Wn. App. at 932. We agreed and reversed the conviction partly because the charging information contained an incorrect statement of the law. *Haberman*, 105 Wn. App. at 934 ("Here, the necessary elements for the crime of malicious harassment do not appear in any form in the information charging Haberman, nor can we find these elements by fair construction.").

Here, there is no charging information in the record, so we cannot determine specifically how the City charged Cornell. But the City does not dispute that his charge stems from the violation of a TRO that had been vacated. In *Haberman*, the defendant was charged with violating an older version of an antiharassment statute, which was no longer in effect. Here, the City charged Cornell after the permanent and temporary orders were vacated, making them ineffective and invalid. *In re Estate of Couch*, 45 Wn. App. 631, 634, 726 P.2d 1007 (1986) ("judgment which has been vacated is of no force or effect and the rights of the parties are left as though no such judgment had ever been entered"). Thus, similar to *Haberman*, Cornell was charged with violating an invalid order.

In summary, we agree with the trial court's rationale: the City had no underlying basis to charge Cornell. The City may charge a person for violating an order during the time the order is valid and in effect. But the City may not charge a person for violating an order after the order has been vacated, even if the alleged violation occurred while the order was in effect. In other words, the City might have

prevailed had it charged Cornell for violating the order before it was vacated.[8]

The trial court correctly dismissed the charge as the City had no underlying basis to prosecute the charge on October 24, 2000.

Affirmed.[9]

QUINN-BRINTNALL, A.C.J., and ARMSTRONG, J., concur.

---

[8] Our resolution does not mean that Cornell is without fault. We stress that court orders must be obeyed, even if they are later deemed to be invalid. But on balance here, the City should not have filed the charge.

[9] The City makes several additional arguments. First, the City argues that the TRO was valid for only 14 days and expired on September 28, 2000. The superior court vacated the temporary order on October 13. Because the order was no longer in effect, the City argues that the superior court did not have any authority to vacate it. We need not address this argument because the issue is whether the superior court erred in reversing the municipal court ruling, not whether the superior court had authority to vacate an expired temporary order.

Next, the City argues that the superior court's vacating order was not nunc pro tunc and did not vacate the protection order. Cornell points out that the order was not required to be nunc pro tunc and "[i]t would be superfluous and redundant to say that an order vacating a previous order is to have retroactive legal effect." Resp't's Reply Br. at 6. A nunc pro tunc order is appropriate only to record some act of the court done at an earlier time but which was not made part of the record. *State v. Smissaert*, 103 Wn.2d 636, 640, 694 P.2d 654 (1985). It cannot be used to remedy the failure to take an action at that earlier time. *State v. Mehlhorn*, 195 Wash. 690, 692-93, 82 P.2d 158 (1938).

Finally, the City argues that public policy dictates that laws shall protect victims of domestic violence. Although we agree that strong public policy dictates protection of victims of domestic violence, as already noted in n.4, *supra*, this case does not involve domestic violence. Therefore, we do not address public policy issues.