74 P.3d 1215 (2003)
118 Wash.App. 135
STATE of Washington, Appellant,
v.
Rickey F. TURNER, Respondent.
No. 28472-3-II.
Court of Appeals of Washington, Division 2.
August 26, 2003.
*1216 Bradley W. Andersen, Schwabe, Williamson & Wyatt, PC, Vancouver, WA, for Appellant.
R.A. Lewis, Camas, WA, for Respondent.
MORGAN, J.
The State appeals the pretrial dismissal of a charge of assault in violation of a restraining order. We reverse and remand.
In 2001, in Skamania County cause number XX-X-XXXXX-X, Carla Turner petitioned to dissolve her marriage to Rickey Turner. The couple have two children.
On July 24, 2001, the Skamania County Superior Court issued a temporary order in the dissolution proceeding. The order dealt with custody, visitation, support, property, and debts. The order "restrained and enjoined" Rickey "from molesting or disturbing the peace" of Carla, and, except through counsel, from having any "contact with Carla."[1] The order warned prominently on its front page: "VIOLATION OF A RESTRAINING ORDER ... WITH ACTUAL NOTICE OF ITS TERMS IS A CRIMINAL OFFENSE UNDER CHAPTER 26.50 RCW AND WILL SUBJECT THE VIOLATOR TO ARREST. RCW 26.09.060."[2]
On August 10, 2001, at about 7:45 P.M., Carla, both children, and a man named Robert Chancellor were swimming in the Wind River. Carla observed Rickey standing a short distance downstream. Rickey left the river and walked toward the parking area but then changed course and walked directly to Carla and Chancellor's location. As he approached, he smelled of alcohol, "appeared very angry," and was "using foul language."[3] When Carla told him to leave, he refused and said he was going to kill Chancellor. He picked up rocks in both hands, causing Chancellor to draw a gun.[4] Ignoring or not perceiving the gun, Rickey pushed Carla to the ground and struck Chancellor on the shoulder. As bystanders intervened, Rickey said, according to a probable cause affidavit filed later, "that he did not care about any restraining orders and nothing would stop him from killing Carla and ... Chancellor."[5] He left before the police arrived.
On August 14, 2001, the State filed Skamania County cause number XX-X-XXXX-X. Citing RCW 26.50.110(4), the State alleged that on or about August 10, 2001, "in violation of a protective order or no contact order issued under Chapter 26.50 RCW," Rickey had intentionally assaulted Carla.[6]
*1217 On January 14, 2002, Rickey moved to dismiss with prejudice. The State reacted by making its own motion to dismiss without prejudice. The trial court granted the State's motion without reaching Rickey's motion.
On January 29, 2002, the State filed Skamania County cause number XX-X-XXXXX-X. Citing RCW 26.50.110 and RCW 10.99.020, the State alleged that on or about August 10, 2001, "in violation of a restraining order issued under Chapter 26.09 RCW," Rickey had intentionally assaulted Carla.[7]
On February 1, 2002, Rickey refiled his motion to dismiss with prejudice. This time, however, the State contested the motion.
On February 8, 2002, the trial court granted the motion. It ruled that the order dated July 24, 2001, was insufficient to support a criminal prosecution because it lacked the warning required by RCW 26.50.035(1)(c), quoted and discussed below. It also ruled that even if the order was valid when issued, the order would not support a criminal prosecution because the legislature had not criminalized the kind of violation that Rickey was alleged to have committed. The State appealed.
We address three questions. (1) Under what statute was the order against Rickey issued? (2) Did the order meet the requirements of that statute at the time it was issued? (3) Assuming that the order met all the requirements of the statute under which it was issued, can it serve as the basis for a criminal prosecution?

I.
A restraining order can be based on various statutes and rules.[8] The ones pertinent here are RCW 26.09.060 and RCW 26.50.060. RCW 26.09.060 provides:
(1) In a proceeding for ... [d]issolution of marriage ... either party may move for temporary maintenance or for temporary support of children entitled to support....
(2) As a part of a motion for temporary maintenance or support or by independent motion accompanied by affidavit, either party may request the court to issue a temporary restraining order or preliminary injunction, providing relief proper in the circumstances, and restraining or enjoining any person from:
(a) Transferring, removing, encumbering, concealing, or ... disposing of any property ...;
(b) Molesting or disturbing the peace of the other party or of any child;
(c) Going onto the grounds of or entering the home, workplace, or school of the other party or the day care or school of any child upon a showing of the necessity therefor;
(d) Knowingly coming within, or knowingly remaining within, a specified distance from a specified location; and
(e) Removing a child from the jurisdiction of the court.
RCW 26.50.060 provides:
(1) Upon notice and after hearing, the court may provide relief as follows:
(a) Restrain the respondent from committing acts of domestic violence;
(b) Exclude the respondent from the dwelling that the parties share, from the residence, workplace, or school of the petitioner, or from the day care or school of a child;
. . . .
(d) On the same basis as is provided in chapter 26.09 RCW, the court shall make residential provision with regard to minor children of the parties....
. . . .
(h) Restrain the respondent from having any contact with the victim of domestic violence or the victim's children or members of the victim's household; ... *1218 A restraining order issued under RCW 26.50.060 is labeled an "order of protection" and is also available under RCW 26.09.060.[9]
The July 24 order bore a dissolution cause number. It provided not only for certain restraints, but also for custody, visitation, support, property and debts. It contained the warning mandated by RCW 26.09.060(7). It was issued under RCW 26.09.060, not under RCW 26.50.060.

II.
Having held that the July 24 order was issued under RCW 26.09.060, we turn to whether the order, when initially issued, met that statute's requirements. If it did not, it will not support a criminal prosecution.[10]
Insofar as pertinent here, RCW 26.09.060(7) requires:
(7) Restraining orders issued under this section restraining the person from molesting or disturbing another party, or from going onto the grounds of or entering the home, workplace, or school of the other party or the day care or school of any child, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location, shall prominently bear on the front page of the order the legend: VIOLATION OF THIS ORDER WITH ACTUAL NOTICE OF ITS TERMS IS A CRIMINAL OFFENSE UNDER CHAPTER 26.50 RCW AND WILL SUBJECT A VIOLATOR TO ARREST.
The order issued on July 24 met this requirement, and it was valid when issued.
We do not agree with Turner's argument that the July 24 order was defective because it omitted the warning required by RCW 26.50.035(1)(c). That statute provides:
(c) The order for protection form shall include, in a conspicuous location, notice of criminal penalties resulting from violation of the order, and the following statement: "You can be arrested even if the person or persons who obtained the order invite or allow you to violate the order's prohibitions. The respondent has the sole responsibility to avoid or refrain from violating the order's provisions. Only the court can change the order upon written application."
By its terms, this statute requires this additional warning when an "order of protection" is issued under RCW 26.50. It does not require such a warning on orders issued under RCW 26.09.060. Nor does anything in RCW 26.09 require such a warning. We conclude that the additional warning was not required here and that the order of July 24 was valid when issued.[11]

III.
Having held that the order of July 24 was issued under RCW 26.09, and that it was valid when issued, we turn to whether it can serve as the basis for a criminal prosecution. The pertinent statutes are RCW 26.09.300(1) and RCW 26.50.110. RCW 26.09.300(1) provides:
Whenever a restraining order is issued under this chapter, and the person to be restrained knows of the order, a violation of the provisions restricting the person from acts or threats of violence ... is punishable under RCW 26.50.110.
RCW 26.50.110(1) provides:
(1) Whenever an order is granted under... chapter 26.09 ... RCW, ... and the respondent or person to be restrained knows of the order, a violation of the restraint provisions ... is a gross misdemeanor except as provided in subsections (4) and (5) of this section....
. . . .
(4) Any assault that is a violation of an order issued under ... chapter 26.09 ... *1219 RCW, ... and that does not amount to assault in the first or second degree under RCW 9A.36.011 or 9A.36.021 is a class C felony ....
To apply these statutes here, we address three questions. (A) Did the order of July 24 contain "restraint provisions" within the meaning of RCW 26.50.110(1)? (B) Did those "restraint provisions" restrict Rickey "from acts or threats of violence" within the meaning of RCW 26.09.300(1)? (C) Can a violation of those "restraint provisions" be the basis for prosecuting an assault as a Class C felony?
The first question is whether the order of July 24 contained "restraint provisions" within the meaning of RCW 26.50.110(1). As already seen, the order expressly "restrained and enjoined" Rickey "from molesting or disturbing the peace" of Carla, and from having any "contact" with her except through counsel.[12] Necessarily then, the order contained "restraint provisions" within the meaning of RCW 26.50.110(1).
The second question is whether the order's "restraint provisions" restricted Rickey from committing "acts or threats of violence" against Carla within the meaning of RCW 26.09.300(1). Rickey contends that even though the order restrained him from "molesting or disturbing the peace" of Carla, and from having any "contact" with her, it did not restrict him "from acts or threats of violence" within the meaning of RCW 26.09.300(1). Disagreeing, we hold that when an order restrains a person from molesting or disturbing the peace of another, or from having contact with the other, it necessarily restrains the person "from acts or threats of violence" against the other.[13]
Additionally, Rickey relies on Jacques v. Sharp.[14] The Jacques court noted that not every violation of an order of protection is a crime.[15] It also noted that a violation is a crime if it involves an act of domestic violence.[16] The allegations in this case involve just such an act. Jacques may not apply here, because the court was primarily concerned with an order of protection issued under RCW 26.50 rather than a restraining order issued under RCW 26.09; but if Jacques does apply, it does not aid Rickey.
The third question is whether a violation of the July 24 order's "restraint provisions" can be the basis for prosecuting an assault as a Class C felony. RCW 26.09.300(1) provides, as already seen, that "a violation of the provisions restricting the person from acts or threats of violence ... is punishable under RCW 26.50.110." RCW 26.590.110(1) and (4) provide, also as already seen, that so long as the respondent or person to be restrained knows of the order, a simple assault that violates the order's restraint provisions is a Class C felony. We conclude that Rickey's alleged violation of the order of July 24 can be the basis for the instant prosecution, and that the trial court erred by ruling otherwise.
Reversed and remanded for further proceedings.[17]
We concur: ARMSTRONG, J. and HUNT, C.J.
NOTES
[1] Clerk's Papers (CP) at 14.
[2] CP at 14.
[3] CP at 18.
[4] Chancellor had a license to carry a concealed weapon.
[5] CP 19.
[6] Supplemental Clerk's Papers at 1. These allegations were made in Count I (emphasis added). Similar allegations were made in Count II, except that Chancellor was named as victim. Count II was later dismissed on motion from the State.
[7] CP at 1.
[8] See, e.g., CR 65; RCW 7.40; RCW 7.43; RCW 10.99.
[9] RCW 26.50.025(1); RCW 26.09.060(3).
[10] State v. Marking, 100 Wash.App. 506, 509-10, 997 P.2d 461, review denied, 141 Wash.2d 1026, 11 P.3d 825 (2000).
[11] Citing RCW 26.50.035(1), Rickey also argues that the July 24 order was invalid because it was on the form prescribed for a protection order issued under RCW 26.50. We reject this argument because the cited statute applies to "orders issued under this chapter," and the July 24 order was not issued under Chapter 26.50 RCW. Rather, as already seen, it was issued under Chapter 26.09 RCW.
[12] CP at 14.
[13] We note in passing that this may be but one of the effects of such an order. It may have other effects also.
[14] 83 Wash.App. 532, 922 P.2d 145 (1996).
[15] 83 Wash.App. at 542, 922 P.2d 145.
[16] 83 Wash.App. at 542, 922 P.2d 145.
[17] Although we have not analyzed whether the State's information contains each essential element of the crime charged, we suggest to both counsel and the trial court that they make such an analysis before commencing a trial in this case. The information does not now allege, for example, that Rickey had knowledge of the July 24 order at the time of his alleged assault on Carla, even though such knowledge is at least arguably an essential element of the crime charged.