Bradley Ray CAIRNES, a single person, Plaintiff—Appellee,

v.

CITY OF PACIFIC, a municipal corporation, Defendant,

and

S.D. Deakin, and the marital community composed thereof; Jane Doe Deakin, Defendants—Appellants.

No. 03–35621.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided July 14, 2004.

Stephen Kent Harpold, Esq., Kent, WA, for Plaintiff–Appellee.

Robert Leslie Christie, Esq., Johnson Christie Andrews & Skinner, P.S., Seattle, WA, for Defendant and Defendants–Appellants.

Appeal from the United States District Court for the Western District of Washington, J. Kelley Arnold, Magistrate, Judge, Presiding. D.C. No. CV–02–05497–JKA.

Before PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Police Officer S.D. Deakin appeals the district court's denial of his motion for summary judgment as to Bradley Ray Cairnes's claim under 42 U.S.C. § 1983 that Deakin violated Cairnes's Fourth Amendment right to be free from unrea-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3

sonable seizure. Cairnes's claim arises out of his arrest by Deakin, pursuant to an arrest warrant, for violating at least one no contact order issued in favor of his estranged spouse, Ms. Cairnes, after she complained to the police that Cairnes repeatedly called her over a two week period. The district court denied Deakin's motion for summary judgment based on qualified immunity after concluding that a material issue remained in dispute as to the reasonableness of Deakin's belief that his arrest of Cairnes was with probable cause. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review de novo a district court's denial of summary judgment based on qualified immunity. *See Bingham v. City of Manhattan Beach*, 341 F.3d 939, 945 (9th Cir.2003). Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Determining whether a law enforcement officer is entitled to qualified immunity involves considering whether the facts alleged, taken in the light most favorable to the party asserting the injury, demonstrate that the officer violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If a constitutional right has been violated, we consider whether the right was clearly established such that it would be clear to a reasonable officer that the conduct was unlawful in the situation the officer confronted. *Id.* at 202, 121 S.Ct. 2151.

■ Based on the totality of the facts and circumstances within Deakin's knowledge at the time he arrested Cairnes, we find that he had probable cause as a matter of law to believe Cairnes had violated the terms of a facially valid no contact order. *See Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) (defining probable cause as "whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense"). Washington Revised Code chapter 26.50.110 mandates that an "officer shall arrest without a warrant and take into custody a person whom the peace officer has probable cause to believe has violated" a no contact order. At a minimum, the operative King County Order—despite permitting "full contact" between the parties—still prohibited Cairnes from "harassing or threatening" Ms. Cairnes.[1] The record here amply demonstrates that Cairnes's conduct rose to the level of harassment.[2] In the course of two weeks,

---

1. Cairnes's conduct also violated the Continuing Restraining Order contained in the Separation Decree, which, although not cited in the Probable Cause Certification, is nevertheless sufficient to constitute a basis for Cairnes's arrest. *See Gasho v. United States*, 39 F.3d 1420, 1428 n. 6 (9th Cir.1994) ("Probable cause may still exist for a closely related offense, even if that offense was not invoked by the arresting officer, as long as it involves the same conduct for which the suspect was arrested.").

2. We are not persuaded by Cairnes's argument that his contacts with Ms. Cairnes were permitted by the King County Order because they were made merely to arrange visitation with his children. First, the King County Order and its subsequent modifications provide that any visitation be mediated by a third party and take place either in public or with a third party present. Thus, the provision that the parties work out visitation does not compel Cairnes's conclusion that this be done directly between the parties rather than through a third party. More important, Cairnes ignores the fact that the Probable

Cairnes made at least eight telephone calls to Ms. Cairnes in which he yelled at her and became increasingly angry to the point that she felt she had to report his calls "before it went too far." In one message, Cairnes made threats against Ms. Cairnes's alleged boyfriend. We conclude that these calls constitute a pattern of harassment and threat-making sufficient to support Deakin's belief that Cairnes had violated the King County order in effect at the time of Cairnes's arrest.[3]

Because he had probable cause to make the arrest, Deakin did not violate Cairnes's Fourth Amendment rights. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924 (9th Cir.2001) (holding that arrest on misdemeanor made upon probable cause that arrestee committed crime satisfies requirements of Fourth Amendment). Moreover, because we find that no constitutional violation occurred, we need not inquire as to whether Deakin is protected by qualified immunity. *See Saucier*, 533 U.S. at 201, 121 S.Ct. 2151 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

Cause Certification was based not only on the one call in which Cairnes stated he wanted to see the "kids," but also on at least seven other calls. Even assuming that the one call was permitted by the no contact orders, the other calls and messages were sufficient to establish probable cause that Cairnes had violated the orders and that his arrest was required by chapter 26.50.110.

3. Cairnes's argument that probable cause under chapter 26.50.110 cannot rest on the Separation Decree's Continuing Restraining Order is without merit. The Continuing Restraining Order is a permanent order and, by its own terms its violation constitutes a criminal offense under chapter 26.09. *See* Wash. Rev.Code § 26.50.110 (including violation of order issued pursuant to chapter 26.09 as misdemeanor). Equally without merit is

Accordingly, the district court's denial of Deakin's motion for summary judgment is REVERSED.

Cairnes's argument that the Continuing Restraining Order must contain the phrase "protection order" or "order of protection" in its title or text to be operative under chapter 26.50.110. *See State v. Turner*, 118 Wash. App. 135, 74 P.3d 1215, 1219 (2003) (finding that order issued in dissolution of marriage proceeding, which expressly "restrained and enjoined" husband "from molesting or disturbing peace" of wife and from having any "contact" with wife except through counsel, contained "restraint provisions" within meaning of chapter 26.50.110, for purposes of determining whether the order could serve as basis for criminal prosecution against husband).

