[No. 51307-9-I.   Division One.   August 30, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. CLAY JASON MILLER, *Appellant*.

*Christopher Gibson* (of *Nielsen, Broman & Koch, P.L.L.C.*) and *Catherine E. Glinski*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Timothy J. Leary, Deputy*, for respondent.

APPELWICK, J. — Clay Miller appeals his conviction for felony violation of a no-contact order. He argues that the trial court failed to submit the issue of validity of the no-contact order to the jury and thereby relieved the State of its burden to prove an essential element of the crime beyond a reasonable doubt. But the validity of the underlying order was not a question for the jury. We affirm.

## FACTS

In June 2001, Officer Jason Trader stopped a car because it had a defective taillight. He called dispatch and learned that the car was registered to Clay Miller. Officer Trader then approached the car and questioned the driver, Diane Zaveruka. He did not immediately question the passenger. Officer Trader gave Zaveruka's name to dispatch and learned that she had a domestic violence no-contact order against Miller. After learning about the no-contact order, Officer Trader returned to the car and asked the passenger if he was the car's owner. Miller acknowledged that he was the owner. When Officer Trader asked about the no-contact order, Miller stated that he believed the order had been dropped. Officer Trader arrested Miller for violation of the no-contact order, which was still in effect according to dispatch.

The State charged Miller with domestic violence felony violation of a court order. Prior to trial the court raised the issue of whether the validity of the no-contact order was an issue for the jury. The State presented a certified copy of the court order issued April 24, 2001 prohibiting Miller from having contact with Zaveruka.

At trial Miller acknowledged that he did not intend to challenge the validity of the order. Nonetheless, Miller argued that the "to convict" instruction should place the question of validity of the order before the jury. The trial court concluded that validity of the order was a legal determination for the court and not the jury. Accordingly, the trial court did not use Miller's proposed instruction, which would have placed the issue of validity before the jury. Miller objected. Despite the trial court's ruling, Miller attacked the no-contact order's validity in his closing argument. The jury found Miller guilty of the crime of domestic violence violation of a court order.

### I. Standard of Review

■ ■ We review a trial court's conclusions of law de novo. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 403, 858 P.2d 494 (1993). Errors of law in jury instructions are also reviewed de novo. *Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 92, 896 P.2d 682 (1995).

■ ■ Jury instructions are reviewed in their entirety and are sufficient if they 1) permit each party to argue his theory of the case, 2) are not misleading, and 3) when read as a whole, properly inform the trier of fact of the applicable law. *Capers v. Bon Marche*, 91 Wn. App 138, 142, 955 P.2d 822 (1998).

### II. Analysis

The parties disagree about when and to whom the State is obligated to prove an implicit element of a crime beyond a reasonable doubt. Miller claims that although the validity of a no-contact order is merely an implied, not explicit, element of a crime, the State must prove that element

beyond a reasonable doubt to the jury. The State responds that it is required to prove an implicit element only after the defendant makes a prima facie challenge to that element, and where the challenge raises a legal question, it is for the court to decide.

■ As a threshold matter, the State claims Miller did not challenge the validity of the no-contact order below and cannot now complain that the validity of the order was not included in the "to convict" instructions. But at trial, while Miller stated he was not contesting the validity of the no-contact order,[1] he also argued that the "to convict" instruction should place the validity of the no-contact order before the jury, and he proposed an instruction doing so.[2] He then excepted to the court's failure to give the instruc-

---

[1] Specifically, Miller's counsel stated:

I am not challenging based upon the—I am not challenging the validity of the order, although I note for the record that the hearing in which it was done there is absolutely nothing to indicate any inquiry was done. It looks like it was signed as a matter of course based upon the charge, and there is nothing—we are not challenging that at this—so.

[2] Miller's requested jury instruction states:

A no-contact order is valid and properly issued when it is executed by a duly constituted court, in writing, contains the court's directives to the person subject to the order, and contains the following legend: "Violation of this order is a criminal offense under chapter 26.50 RCW and will subject a violator to arrest; any assault, drive-by shooting, or reckless endangerment that is a violation of this order is a felony. You can be arrested even if any person protected by the order invites or allows you to violate the order's prohibitions. Only the court can change the order." In addition, a certified copy of the order shall be provided to the person protected by the order.

. . .

To convict the defendant of the crime of violation of a no-contact order, each of the following elements of the crime must be proved beyond a reasonable doubt.

(1) That on or about June 23, 2001 the defendant willfully had contact with Diane Zaveruka;

(2) That such contact was prohibited by a valid no-contact order properly issued by a competent court;

(3) That the defendant knew of the existence of the no-contact order; and

(4) That the acts occurred in the State of Washington.

If you find from the evidence that each of these elements has been proven beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any of these elements, then it will be your duty to return a verdict of not guilty.

tion. Then, despite the trial court's refusal to give his instruction, Miller directly attacked the order in his closing argument. Miller preserved the issue of the validity of the no-contact order.

Miller relies upon *State v. Clowes*, 104 Wn. App. 935, 18 P.3d 596 (2001). *Clowes* in turn relied upon two cases: *State v. Marking*, 100 Wn. App. 506, 997 P.2d 461 (2000), and *City of Seattle v. Edwards*, 87 Wn. App. 305, 941 P.2d 697 (1997). *Edwards* involved a facial challenge to the validity of a no-contact order. The order was written so that it was valid for one year, *or* until further order of the court. *Edwards*, 87 Wn. App. at 308-09. We held that the terms of the order were ambiguous and did not provide fair warning that contact after one year would constitute a violation. In so doing, we stated: "An implicit element of [willful violation of a protective order] is the existence of a valid order at the time of the alleged violation, a fact that the City must prove beyond a reasonable doubt." *Edwards*, 87 Wn. App. at 308. We construed the order as effective for only one year and held the City had not proved the existence of a valid order at the time of the alleged violation: "Because the act complained of occurred more than one year since the entry of the order, the alleged incident could not have constituted a crime." *Edwards* at 309.

In *Marking*, defendant was accused of violating an order prohibiting contact with his wife. Marking had told police he believed the order was not in effect because his wife had consented to the contact. He challenged the order as facially invalid because it lacked the notice required by RCW 10.99.040(4)(b), stating that consent of the person protected does not invalidate the order's prohibition against contact. Citing *Edwards* for the proposition that the existence of a valid no-contact order is an implied element of the crime of violation of a no-contact order, the court reversed Marking's conviction, holding that, absent the missing language, the order was invalid "for the purpose of convicting Marking of violating it," and that the State had thus failed to prove the element of a valid order. *Marking*, 100 Wn. App. at 512.

*Marking* did not address whether the court or the jury should decide the question of validity of the order.

In *Clowes*, as here, no facial challenge was made to the order. Clowes acknowledged an order existed and that he knew of it. *Clowes*, 104 Wn. App. at 939. His defense was that "the charging information and jury instructions were defective." *Clowes*, 104 Wn. App. at 939. Division Two found the to-convict instruction inadequate because it failed to include the element of intent. Relying on *Marking,* the court also stated: "Further, the instruction fails to inform the jury that it must first find the existence of a valid no-contact order, an implicit element of the crime." *Clowes*, 104 Wn. App. at 945.

■■ The *Clowes* court misapprehended *Edwards*. This, however, was caused by our statement in *Edwards* that "[b]ecause the order contemplated modification, and there was no evidence that the order had not been modified, the jury could not conclude, without speculating and impermissibly shifting the burden of proof, that the order remained effective." *Edwards*, 87 Wn. App. at 311. This is misleading. We were not confronted in *Edwards* with the question of whether the jury or the court should determine the validity of the no-contact order. The case had been tried to a jury, and we analyzed the effect of the confusing language in the no-contact order on the jury's decision. We did not hold that the issue of the validity of a no-contact order is a question for the jury. Rather, it was the failure of the trial court to rule that no valid order existed that allowed the jury to speculate impermissibly. We did not, however, make this clear in our opinion, with the result that we have added to a general confusion in these cases. We take this opportunity to clarify.

The validity of a no-contact order is an implicit element of the crime of violation of such an order. But validity of an order is ordinarily a legal question to be decided by the trial

court.[3] If the State fails to persuade the court that a valid no-contact order exists, then the court should dismiss the charge. If the valid no-contact order is proved, then the implicit validity element is satisfied.

This result is consistent with our approach in *State v. Carmen*, 118 Wn. App. 655, 667-668, 77 P.3d 368 (2003). The defendant in *Carmen* requested a "to convict" instruction that required "the State to prove beyond a reasonable doubt that he had at least two previous convictions for violating an order issued under chapter 26.50, 10.99, 26.09, 26.10, 26.26 or 74.34 RCW, or a valid foreign protection order." *Carmen*, 118 Wn. App. at 656. The trial court correctly refused to give the defendant's requested instruction because "the validity of the previous convictions as predicate offenses, was a question of law for the court." *Carmen*, 118 Wn. App. at 656.

Miller raises no challenge to validity of the order. But he nonetheless contends validity was a question for the jury, without bothering to suggest any basis for their determination. This approach creates only confusion, not fairness. The certified copy of the April 24, 2001 no-contact order was in evidence and was, as a matter of law, a valid order in effect on the date of the alleged violation. Its validity was not a proper subject for the jury.

Affirmed.

ELLINGTON, A.C.J., and BAKER, J., concur.

Review granted at 154 Wn.2d 1019 (2005).

---

[3] There may be occasions when validity turns upon a question of fact; in such cases the jury should decide the relevant fact upon proper instructions.