[Nos. 22946-7-III; 22947-5-III.   Division Three.   June 21, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. GERALD R. JOY, *Petitioner*.

*Edward J. Ames* (of *Spokane County Public Defender's Office*), for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *David Stevens, Deputies*, for respondent.

¶1 BROWN, J. — Our commissioner granted discretionary review of Gerald R. Joy's convictions for three counts of violating a domestic violence protection order. The question is whether a defendant charged with violating a domestic protection order can attack the sufficiency of the evidence supporting the protection order as a matter of facial invalidity. We decide not, and affirm.

FACTS

¶2 After R.C. and Mr. Joy's relationship ended, R.C. sought a protection order under chapter 26.50 RCW. In the ensuing hearings where Mr. Joy was present, the district court commissioner received evidence that if believed, supported a stalking case against Mr. Joy. In light of the legal nature of our question it is unnecessary to recount the facts before the district court commissioner. Mr. Joy did not appeal the domestic violence protection order issued by the commissioner.

¶3 Mr. Joy contacted R.C. several times in apparent violation of the protection order. He was charged with three counts, under two cause numbers, of violating a domestic violence protection order. The cases were consolidated below and here.

¶4 Prior to trial, Mr. Joy filed a motion to dismiss under *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986), arguing insufficient evidence existed to establish imminent harm or stalking to support the order. The court denied the motion without reaching its merits, finding the challenge was impermissible because it was a collateral attack on the order itself. Mr. Joy then unsuccessfully requested the superior court review the district court's denial of his *Knapstad* motion.

¶5 During his jury trial, Mr. Joy unsuccessfully sought dismissal, arguing the protection order was based upon insufficient supporting evidence. The certified temporary and permanent protection orders were received in evidence and the elements instruction required protection order proof. The jury found Mr. Joy guilty as charged, and after conviction, he appealed to the superior court. The superior court speculated it might have found the facts underlying the protection order differently, but ultimately affirmed, concluding Mr. Joy should have appealed when the protection order was entered. This court granted discretionary review.

## ANALYSIS

¶6 The issue is whether the trial court erred in denying Mr. Joy's dismissal motion based upon his evidence sufficiency challenge to the domestic violence protection order because it exceeded the scope of a facial validity challenge.

¶7 This issue is a question of law we review de novo. *State v. Johnson,* 128 Wn.2d 431, 443, 909 P.2d 293 (1996). Due process requires the State to prove every element of a charged offense. *State v. Lively,* 130 Wn.2d 1, 11, 921 P.2d 1035 (1996). The act charged here is the violation of a protection order. An implicit element of this crime is the existence of a valid order at the time of the alleged violation. *See* RCW 26.50.110; *State v. Miller,* 123 Wn. App. 92, 97, 96 P.3d 1001 (2004). This is an issue of first impression in Division Three of this court. Division One and Division Two cases are instructive.

¶8 Recently in *Miller*, Division One held the validity of a no-contact order is ordinarily a legal question to be decided by the trial court, but recognized that, on occasion, facial validity fact issues may be decided by a jury. *Miller*, 123 Wn. App. at 97-98 & n.3. "If the [S]tate fails to persuade the court that a valid no-contact order exists, then the court should dismiss the charge. If the valid no-contact order is proved, then the implicit validity element is satisfied." *Id.* at 98. In so holding, the *Miller* court clarified its earlier holding in *City of Seattle v. Edwards*, 87 Wn. App. 305, 941 P.2d 697 (1997) (facts unclear as to protection order's effective dates; State must prove the validity of the underlying order as an implicit element of the crime of violating a protection order).

¶9 Division Two followed *Edwards* in *State v. Marking*, 100 Wn. App. 506, 509, 997 P.2d 461, *review denied*, 141 Wn.2d 1026 (2000), holding a protection order without the mandatory warnings was facially invalid even though the defendant had not challenged the order in district court. The *Marking* court placed the burden on the State to prove the validity of the order beyond a reasonable doubt.

■■ ¶10 *Miller* and *Marking* are persuasive. We hold, like Divisions One and Two, that Mr. Joy has a right to challenge the facial validity of the protection order. Like the *Miller* court, we reason facial validity is ordinarily a legal question for the trial court, subject to appellate review. If a defendant raises a factual dispute bearing on an attribute of facial validity, it is for the jury to decide. An evidence sufficiency question is, however, not a matter bearing on facial validity. The evidence sufficiency question raised by Mr. Joy could have been raised in an appeal of the domestic violence protection order, but it was not. Thus, no due process principle is offended.

¶11 Here, Mr. Joy does not raise a question of jurisdiction or statutory authority to issue the domestic violence protection order. Nor does Mr. Joy challenge the authenticity of the order or raise any other recognized issue of facial validity like a lack of warnings (*Marking*), effective time limit (*Edwards*), or other similar facially apparent defects. Mr. Joy's underlying evidence sufficiency challenge extends beyond the scope of the trial court's obligation to decide facial validity questions. Although the superior court on appeal of Mr. Joy's conviction speculated that it might have decided the evidence bearing on the issuance of the protection order differently, it correctly rejected Mr. Joy's evidence sufficiency challenge.

¶12 In sum, we agree with the superior court that the trial court did not err.

¶13 Affirmed.

KATO, C.J., and SCHULTHEIS, J., concur.

Review denied at 156 Wn.2d 1021 (2006).